**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                         No. CR 02-1020 JB

MARY HERNANDEZ-FLORES

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States Probation Office's Request for Early Termination of Supervision, filed August 10, 2011 (Doc. 103)("Request"). The Court held a hearing on November 9, 2011. The primary issue is whether the Court should terminate Defendant Mary Hernandez-Flores' term of supervised release early. Because the Court concludes it is premature to terminate Hernandez-Flores' term of supervised release based on the mandatory minimum term of supervised release and because the Court believes Hernandez-Flores' significant criminal history counsels in favor of additional supervised release, the Court will deny the United States Probation Office's ("USPO") request for early termination of her term of supervised release.

## PROCEDURAL BACKGROUND

On August 6, 2002, Hernandez-Flores pled guilty to: (i) Possession With Intent to Distribute 100 Kilograms or More of Marijuana, in violation of 21 U.S.C. § 845; (ii) Importation of More than 100 Kilograms of Marijuana and Aiding and Abetting, in violation of 21 U.S.C. § 952(a), 21 U.S.C. § 960(a)(1) and (b)(2), and 18 U.S.C. § 2; and (iii) Possession With Intent to Distribute 100 Kilograms and More of Marijuana and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1),

21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.  See Presentence Investigation Report ¶¶ 2-3, at 3, disclosed November 14, 2002 ("PSR").  The Court sentenced her to 60-months imprisonment.  See Judgment at 3, filed April 29, 2005 (Doc. 80).  The Court imposed terms of 4 years of supervised release for each of the Counts to which Hernandez-Flores pled guilty.  See Judgment at 4.  The terms of supervised release were to run concurrently.  See Judgment at 4.  Hernandez-Flores served approximately 54-months imprisonment.  Her term of supervised release began on September 11, 2009.  Her term of supervised release will be two-thirds complete on approximately May 12, 2012.  Her term of supervised release will currently end on September 10, 2013.  Hernandez-Flores is now sixty-nine years old.

In the PSR from 2002, the USPO assigned a criminal history of III to Hernandez-Flores based on 4 criminal history points.  See PSR ¶ 43, at 11.  Hernandez-Flores' criminal history includes three theft charges, none of which received criminal history points.  See PSR ¶¶ 24-25, 27, at 7.  Two of these charges involved amounts less than $100.00.  See PSR ¶¶ 24-25, 27, at 7.  Hernandez-Flores has pled guilty to a total of ten shoplifting charges over a span of approximately twenty-five years.  See PSR ¶¶ 25, 28, 30, 33-36, 38-39, 41, at 7-11.  Her other convictions include two instances of failure to appear, a trespassing charge, a larceny charge for an amount under $250.00, and charges relating to an incident where she was found in possession of cocaine and methamphetamine.  See PSR ¶¶ 29, 31, 37, 40, at 8, 10-11.  She was also arrested in 1986 for an accessory to forgery charge, the disposition of which is not available.  See PSR ¶ 44, at 11.  An aggravated assault charge against her arising out of an arrest in 1991 was dismissed when the victim signed an affidavit of non-prosecution.  See PSR ¶ 45, at 12.

On August 10, 2011, the USPO filed its Request seeking early termination of Hernandez-Flores' term of supervised release.  See Request at 1-2.  As support for the request, it contends that

Hernandez-Flores has been fully compliant with the conditions of supervision.  See Request at 1.
It notes that she has paid her $300.00 special assessment fee in full and has completed four months
of electronic monitoring without incident.  See Request at 1.  The USPO asserts: "All goals of
supervision have been met in this case, and it is believed that supervision is no longer needed."
Request at 1.  The USPO notes that Plaintiff United States of America opposes this request, instead
requesting that Hernandez-Flores complete at least two-thirds of her term of supervised release.  See
Request at 2.

At the hearing on November 9, 2011, the United States reiterated its opposition to the early
termination of supervised release.  See Transcript of Hearing at 2:6 (taken November 9,
2011)(Crews)("Tr.").[1]  The United States asserted that Hernandez-Flores' significant criminal
history weighs against the early termination of supervised release.  See Tr. at 2:6-11 (Crews).
Hernandez-Flores indicated that she agreed with the USPO's recommendation.  See Tr. at 3:1-5
(Greek).  She emphasized that she is now sixty-nine years old and has a low chance of recidivism.
See Tr. at 3:6-10 (Greek).  She argued that the Court should take into account her significant post-
offense rehabilitation in determining whether to terminate the term of supervised release.  See Tr.
at 3:11-4:4 (Greek).  She also noted that she is disabled and has many health problems.  See Tr. at
87:5-8 (Greek).  Hernandez-Flores asserted that the USPO officer now has to visit her at her home
because of her disability.  See Tr. at 4:12-19 (Greek).  She noted that these visits occur only once
every three months now largely because she has not committed any violations on supervised release.
See Tr. at 4:12-19 (Greek).

## LAW REGARDING EARLY TERMINATION OF SUPERVISED RELEASE

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

As the United States Court of Appeals for the Eleventh Circuit has stated:

> The primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period of time in prison for punishment or other purposes but still needs supervision and training programs after release.

United States v. Pugh, 515 F.3d 1179, 1199 (11th Cir. 2008)(quoting S.Rep. No. 98-225, at 124 (1984), reprinted in 1984 U.S.C.C.A.N. 3182)(alterations omitted)(internal quotation marks omitted). "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000)(citing S.Rep. No. 98-225, at 124). Congress has prohibited incarcerating an offender for rehabilitation purposes, but in contrast, an offender's need for rehabilitation may be considered in prescribing supervised release conditions. See United States v. Burgos, 276 F.3d 1284, 1290 n.6 (11th Cir. 2001); United States v. Vigil, No. 05-2051, 2010 WL 2301708, at *9 (D.N.M. May 4, 2010)(Browning, J.).

"Whether to grant a motion to terminate a term of supervised release under § 3583(e)(1) is a matter of district court discretion." Rhodes v. Judiscak, 653 F.3d 1146, 1148 (10th Cir. 2011)(citing United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011)). "Abuse of discretion occurs when the district court commits a serious error of judgment, such as the failure to consider an essential factor." United States v. Lowe, 632 F.3d at 997. Under 18 U.S.C. § 3583(e)(1), "[a] district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." United States v. Lowe, 632 F.3d at 998 (citing 18 U.S.C. § 3583(e)(1)). As the United States Court of Appeals for the Seventh Circuit has stated:

> Section 3583(e) in general requires a district court to consider certain factors in
> § 3553(a) before it can: (1) terminate a term of supervised release and discharge the
> defendant; (2) extend or otherwise modify the conditions of a term of supervised
> release; (3) revoke a term of supervised release and require the defendant to serve
> the remaining time in prison; or (4) order a defendant on house arrest during
> nonworking hours.

United States v. Lowe, 632 F.3d at 998 (citing 18 U.S.C. § 3583(e)).  Accord United States v. Vargas, 564 F.3d 618, 622-23 (2d Cir. 2009).  The Seventh Circuit held that a district court abused its discretion in applying this statute when it applied a general "policy of refusing to grant a motion for early termination of supervised release unless a defendant has twelve months or less remaining on his term of supervised release." United States v. Lowe, 632 F.3d at 998-99.  As a general matter, a district court may properly consider as a factor the length of time the defendant has served on supervised release.   See United States v. Reagan, 162 F.App'x 912, 914 (11th Cir. 2006)(unpublished)(recognizing that the district court could properly consider "the small fraction of the term served").  Based on the language in 18 U.S.C. § 3583(e)(1) that a district court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," the district court may consider the defendant's conduct and circumstances while he is on supervised release in determining whether to terminate early a term of supervised release.  See United States v. Perry, 397 F.App'x 521 (11th Cir. 2010)(unpublished)(quoting 18 U.S.C. § 3583(e)(1)).

## ANALYSIS

The Court does not believe that the factors in 18 U.S.C. § 3553(a) weigh in favor of early termination of supervised release.  As a result of Hernandez-Flores' guilty plea, the Court was required to impose a mandatory minimum of a 4-year term of supervised release.  See PSR ¶ 63, at 17; 21 U.S.C. § 841(b)(1)(B) ("[A]ny sentence imposed under this subparagraph shall, in the

absence of such a prior conviction, include a term of supervised release of at least 4 years . . . ."). That mandatory term of supervised release reflects a congressional judgment that defendants who commit certain drug offenses should serve at least a certain term of supervised release. These mandatory minimum terms of supervised release are relatively rare among criminal offenses. The Court believes it would undercut Congress' intent if it decided to terminate this term of supervised release before Hernandez-Flores completes that minimum term.

A limited number of courts, most notably the United States Court of Appeals for the Sixth Circuit, have held that a district court may permissibly terminate a term of supervised release before the completion of a mandatory minimum term of supervised release. See United States v. Spinelle, 41 F.3d 1056, 1060 (6th Cir. 1994); United States v. Stacklin, No. 4:95-CR-11, 2009 WL 2486336, at *1 (E.D. Mo. Aug. 11, 2009); United States v. Scott, 362 F.Supp.2d 982, 983-84 (N.D. Ill. 2005). The Sixth Circuit stated:

> Thus, we hold that a district court has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a).

United States v. Spinelle, 41 F.3d at 1061. The Sixth Circuit explained:

> Repeals by implication, however, are not favored in the law. They are only permitted when the earlier and later statutes are irreconcilable. "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective."
>
> . . . .
>
> In the mind of Congress, as expressed in the plain meaning of the statutes, however, the sentencing phase is different than post-sentence modification. Prior to the Congressional amendment of 18 U.S.C. § 3583(a) in the [Anti-Drug Abuse Act of 1986 ("ADAA"), Pub.L. No. 99-570, 100 Stat. 3207, 3207-2 to 3207-4 (codified in scattered sections of 18 U.S.C. and 21 U.S.C.)], the district courts had the authority under 18 U.S.C. § 3583(a) to impose a term of supervised release on a defendant during sentencing at its discretion. Under 18 U.S.C. § 3583(e)(1), it also

-6-

had the additional and separate discretionary authority to terminate a term of supervised release after one year of completion. When Congress subsequently amended 18 U.S.C. § 3583(a) to require that courts impose a term of supervised release on a defendant if such a term is required by statute, it only partially limited a court's discretionary authority to <u>impose</u> the sentence. Congress did not alter the court's separate authority to <u>terminate</u> a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warranted it.

Seen as two separate chronological phases, the statute mandating a specific sentence of supervised release and the statute authorizing the termination of a prior imposed sentence are quite consistent. They are not in conflict as "[n]either statute prohibits the other from working." Therefore, in the absence of clear Congressional expression to the contrary, a court must give effect to both statutes. In so doing, we find that even though the district court had to sentence Spinelle to a three-year term of supervised release, it still had the subsequent discretionary authority to terminate the term and discharge Spinelle after one year of completion.

<u>United States v. Spinelle</u>, 41 F.3d at 1060-61 (alterations in original)(emphasis in original)(citations omitted). The United States District Court for the District of Utah has followed this Sixth Circuit decision. <u>See</u> <u>United States v. McClister</u>, No. 2:02-CR-87, 2008 WL 153771, at *1-2 (D. Utah Jan 14, 2008)(Stewart, J.). The United States Court of Appeals for the District of Columbia may have reached the opposite conclusion that a district court may not subsequently reduce a mandatory term of supervised release. <u>See</u> <u>United States v. Lafayette</u>, 585 F.3d 435, 440 (D.C. Cir. 2009). As the D.C. Circuit explained: "Even assuming that section 3582(c)(2), which on its face only allows courts to reduce a 'term of imprisonment,' can be stretched to cover other aspects of a sentence, the district court correctly denied any reduction because Lafayette's five-year term of supervised release is mandated by 21 U.S.C. § 841(b)(1)(A)." <u>United States v. Lafayette</u>, 585 F.3d at 440. That D.C. Circuit case is likely distinguishable from the Sixth Circuit case, however, as it analyzed the terms of 18 U.S.C. § 3582(c)(2)[2] as opposed to 18 U.S.C. § 3583(e)(1). In an unpublished opinion, the

---

[2]18 U.S.C. § 3582(c)(2) provides:

D.C. Circuit subsequently assumed without deciding that a district court could reduce a mandatory

term of supervised release under 18 U.S.C. § 3583(e)(1).  See United States v. Bundy, 391 F.App'x

886, 886-87 (D.C. Cir. 2010)(unpublished)(per curiam).  Specifically, the D.C. Circuit stated:

> Bundy argues there remains a live controversy because the legal issue on appeal -- his eligibility for a sentence reduction -- could have some bearing on his future ability to secure early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).  Even assuming his mandatory term of supervised release could be reduced, Bundy's argument faces two problems.

United States v. Bundy, 391 F.App'x at 886-87.

Because the Court believes that the circumstances of Hernandez-Flores' case do not warrant

early termination of her supervised release, the Court does not find it necessary to decide whether

a district court may terminate a term of supervised release before the completion of a mandatory

minimum term of supervised release.  At the very least, the mandatory minimum reflects a

congressional judgment as to the appropriate term of supervised release in these types of cases.

Even if the Court has the power to terminate a mandatory minimum term of supervised release, it

should be hesitant to undercut Congress' judgment without a firm conviction that the other factors

in 18 U.S.C. § 3553(a) weigh in favor of early termination.  Here, the other factors in 18 U.S.C.

---

> The court may not modify a term of imprisonment once it has been imposed except that --
>
> . . . .
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

§ 3553(a) weigh in favor of continuing Hernandez-Flores' term of supervised release, at least until she completes a lengthier term of supervised release.  The offenses Hernandez-Flores' committed are serious ones, and all three are Class B felonies.[3]  See PSR ¶ 60, at 16.  The mandatory minimum terms of supervised release Congress assigned for violations of these offenses help promote respect for the law and afford adequate deterrence.  They also ensure that defendants are less likely to relapse into criminal behavior or become victims to a drug problem.  While Hernandez-Flores has a lower risk of recidivism because of her age and health, she has a lengthy criminal history and committed five offenses, not including the current offense, when she was over fifty-years old.  That is atypical among defendants that come before the Court.  Thus, the Court believes continuing her supervised release provides just punishment and will aid in her rehabilitation.  She also committed some serious crimes when she was over fifty, including the current offenses. Most notably, she faced possession of cocaine and possession of methamphetamine charges when she was fifty-three years old.  See PSR ¶ 40, at 10.  Keeping her on supervised release for now will help protect the public, as her age does not appear to deter her from committing criminal activity.  Given the mandatory minimum terms of supervised release assigned to these offenses, keeping her on supervised release will also avoid unwarranted sentencing disparities among similarly situated defendants.  Consequently, the Court will deny the USPO's request for early termination of supervised release.

Besides the convictions underlying her current supervised release, Hernandez-Flores has been convicted at least eighteen times and has been arrested, but not convicted, two times since she was twenty-six years old.  That is one conviction and/or arrests approximately every twenty-six

---

[3]A Class B felony is the second most serious felony under federal law and is punishable by "twenty-five years or more" imprisonment, but not "life imprisonment" or "death."  18 U.S.C. § 3559(a)(1)-(2).

months when one considers that she is now sixty-nine years old. She has been on supervised release approximately twenty-eight months. While she has been on supervised release for a longer period of time than the average distance in time between which she commits crime, she had a string of five instances where she received convictions between the ages fifty to fifty-three. Based on these circumstances, the Court believes it is too soon to release her, even though she has performed well on supervised release so far.

**IT IS ORDERED** that the United States Probation Office's Request for Early Termination of Supervision, filed August 10, 2011 (Doc. 103), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Randy M. Castellano
John Crews
  Assistant United States Attorney
Las Cruces, New Mexico

        *Attorneys for the Plaintiff*

Jane Greek
  Assistant Federal Public Defender
Federal Public Defender's Office
Las Cruces, New Mexico

        *Attorneys for the Defendant*

-10-